## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NAHUM R. RENFROW,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-315H-16-0381-I-1

DATE: April 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nahum R. Renfrow</u>, Newport, Rhode Island, pro se.

<u>Andrew M. Wallace</u>, Newport, Rhode Island, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2       The facts material to the dispositive jurisdictional issue are undisputed. The appellant received a career-conditional appointment to the competitive-service position of Transportation Assistant, subject to the completion of a 1-year probationary period beginning on September 8, 2015. Initial Appeal File (IAF), Tab 5 at 13.  Effective December 13, 2015, he received a management-directed reassignment to an Administrative Support Assistant position in the competitive service.  IAF, Tab 7 at 5.  On June 17, 2016, the agency terminated the appellant from service for inattention to duties and failing to demonstrate an acceptable level of performance.  IAF, Tab 5 at 9-12.  The termination notice informed the appellant of his limited Board appeal rights, based upon his status as a probationary employee.  *Id.* at 11-12.

¶3       The appellant filed the instant appeal, challenging his termination, and he requested a hearing.  IAF, Tab 1 at 1, 3.  The administrative judge explained the Board's limited jurisdiction and directed the appellant to meet his jurisdictional burden of proof.  IAF, Tab 2 at 2-5.  The agency responded by filing a motion to dismiss, arguing that the appeal was outside the Board's purview because the appellant was terminated during his probationary period, he had no prior creditable Federal civilian service, and he was not an employee with Board appeal

rights under 5 U.S.C. chapter 75. IAF, Tab 5 at 5-6. The agency also argued that the appeal should be dismissed for lack of jurisdiction because the appellant did not allege one of the limited regulatory grounds for appeal under 5 C.F.R., part 315, subpart H; specifically, he did not allege that the agency discriminated against him based on his marital status or partisan political affiliation, or that he was terminated for preappointment reasons without the required procedures. *Id.* The appellant did not respond to either the administrative judge's order or the agency's motion to dismiss. IAF, Tab 6, Initial Decision (ID) at 3.

¶4 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 1. In dismissing the appeal, the administrative judge found it undisputed that the appellant was hired to serve in a competitive-service position, subject to a 1-year probationary period, effective September 8, 2015. ID at 3. The administrative judge also found it undisputed that the appellant received a management-directed reassignment to an Administrative Support Assistant position on December 13, 2015, that he was still required to complete his probationary period in his new position, and that he was terminated on June 17, 2016, for postappointment reasons before completing his probationary period. ID at 3-4.

¶5 The administrative judge found that the appellant did not argue or allege any facts that meet the definition of an "employee" under chapter 75 with the right to appeal his termination to the Board as an adverse action. *Id.* The administrative judge also found that the appellant did not have a regulatory right of appeal under 5 C.F.R. § 315.806, because he did not allege that his termination was based on preappointment reasons or that the agency discriminated against him based on his marital status or for partisan political reasons. ID at 4; *see* 5 C.F.R. §§ 315.805-06. Based on the foregoing, the administrative judge found that the appellant failed to establish jurisdiction over his appeal. ID at 4. The appellant has filed a petition for review of the initial decision dismissing his

appeal for lack of jurisdiction, and the agency has responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 3.

¶6　　　The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). An appellant is entitled to a jurisdictional hearing only if he makes a nonfrivolous allegation of Board jurisdiction. *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s). For the following reasons, we find that the appellant has failed to nonfrivolously allege any facts that, if proven, could establish that the Board has jurisdiction over his termination appeal.

¶7　　　It is undisputed that, as a probationary employee in the competitive service with less than 1 year of current continuous service, the appellant has no statutory right of appeal to the Board under 5 U.S.C. chapter 75.[2] ID at 3-4; *see* 5 U.S.C. § 7511(a)(1)(A);[3] *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005).

---

[2] Under 5 C.F.R. § 315.801(b)(2), a person who is promoted, demoted, or reassigned before he completed probation is required to "complete the probationary period in the new position." The Board observed in *Aizin v. Department of Defense*, 52 M.S.P.R. 146, 148-49 (1991), that if the appellant was promoted during his probationary period, "he could finish serving the initial probationary period in the new position." Here, regardless of the appellant's probationary period start time, whether at his initial appointment or reassignment to a new position, he did not complete his probationary period.

[3] After the appellant's appointment to the position of Transportation Assistant, but before his management-directed reassignment, IAF, Tab 5 at 13, Tab 7 at 5, Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015, Pub. L. No. 114-92, 129 Stat. 726. The 2016 NDAA extended the probationary period for an individual appointed to a permanent competitive-service position at the Department of Defense to a 2-year probationary period and provided that

Moreover, the appellant does not allege that his termination was based upon either partisan political reasons or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R. § 315.806(b). ID at 3-4. Instead, on review, the appellant argues the merits of his appeal and he submits letters from individuals attesting to his dedication, professionalism, and customer service. PFR File, Tab 1 at 1-6, 27-28. The appellant also submits additional documents with his petition, including but not limited to a copy of the initial decision and some of the documents submitted by the agency on appeal, but he does not explain how any of this evidence relates to the dispositive jurisdictional issue before the Board on review, and we find that these documents are immaterial to the jurisdictional issue. *Id.* at 1-7, 15-26, 28-34.

¶8      Because we find that the appellant has failed to make a nonfrivolous allegation of jurisdiction over his appeal, we will not address the arguments that he made on review concerning the merits of his termination.[4] PFR File, Tab 1 at 1-2; *see Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (recognizing that a decision on the merits would be a nullity in the absence of Board jurisdiction). We therefore deny the petition for review of the

---

such individual only qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if he has completed 2 years of current continuous service. Pub. L. No. 114-92, section 1105, 129 Stat. at 1023-24 (codified as relevant here at 10 U.S.C. § 1599e and 5 U.S.C. § 7511(a)(1)(A)(ii)); *see Bryant v. Department of the Army*, 2022 MSPB 1, ¶¶ 8-10 (2022) (finding that the appellant, who was appointed to a competitive-service position at the Department of the Army after the enactment of the 2016 NDAA, was subject to a 2-year probationary period). We need not consider which version of 5 U.S.C. § 7511(a)(1)(A)(ii) applies because the outcome would be the same under either.

[4] To the extent that the administrative judge may have made inappropriate "findings" under *Ferdon*, we find no prejudicial error based on our determination that the appellant has not made a nonfrivolous allegation of jurisdiction. *See Ferdon*, 60 M.S.P.R. at 329; *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

administrative judge's initial decision dismissing this appeal for lack of jurisdiction.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Because we find that the administrative judge properly dismissed this appeal for lack of jurisdiction, we find it unnecessary to adjudicate the timeliness issue that the agency raised in opposition to the appellant's petition for review.  PFR File, Tab 3 at 1.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for          
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.